RENDERED:  FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1285-MR

CORNELIUS COCHRAN　　　　　　　　　　　　　　　　　APPELLANT

v.　　　　　　　APPEAL FROM JEFFERSON CIRCUIT COURT
　　　　　　　　HONORABLE MARY M. SHAW, JUDGE
　　　　　　　　ACTION NO. 19-CI-005862

JOHN R. MORRIS, M.D.; BAPTIST
HEALTH; BLUE CROSS/BLUE
SHIELD; JOHN DOE; JANE DOE; AND
COMMONMEALTH OF KENTUCKY　　　　　　　　　　APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND MAZE, JUDGES.

MAZE, JUDGE:  Cornelius Cochran appeals from the entry of separate summary

judgments dismissing John R. Morris, M.D., "Baptist Health," and "Blue

Cross/Blue Shield"[1] as defendants in his medical malpractice action. The

dismissals were predicated upon Cochran's failure to comply with KRS[2] 411.167,

which requires the filing of a certificate of merit with a malpractice complaint.

Cochran's sole argument on appeal is that the statute unconstitutionally infringes

upon his right to trial by jury guaranteed in Section 7 of the Kentucky Constitution

and violates the separation of powers doctrine set forth in Section 28 of the

Kentucky Constitution. For the reasons that follow, we affirm.

Cochran, a state prisoner, filed a *pro se* complaint alleging that in

September 2018 he was admitted to Baptist Hospital East for septoplasty and

turbinate reduction surgery to be performed by Dr. John Morris. Dr. Morris

performed the surgery on September 12, 2018, and discharged Cochran back to the

penitentiary on the same date. Cochran alleged that he returned to Baptist on

September 14, 2018, for treatment of complications from that surgery. The

complaint sought damages stemming from alleged negligence and malpractice on

the part of Dr. Morris. In addition, Cochran sought damages from defendants

Baptist East Hospital and "Anthem Blue Cross/Blue Shield" based upon an alleged

---

[1] A previous order of a motion panel of this Court dismissed Anthem Health Plans of Kentucky as a party to this appeal on the basis that Cochran failed to timely appeal from the order dismissing it from the underlying litigation. The Court noted in that order that Cochran's notice of appeal incorrectly identified Anthem as "Blue Cross/Blue Shield." Cochran also identified "Baptist Health" in the notice of appeal, an apparent reference to Baptist Healthcare System, Inc. d/b/a Baptist Health Louisville.

[2] Kentucky Revised Statute.

illegal custom and practice of releasing prisoners from post-operative care based upon monetary, not medical, considerations.

The Jefferson Circuit Court subsequently entered an order on July 1, 2020, granting Anthem's motion for summary judgment and dismissing all claims against it. Thereafter, on September 17, 2020, the circuit court entered an order granting Dr. Morris's motion for summary judgment on all claims asserted against him and on September 28, 2020, the circuit court granted Baptist Health's motion for summary judgment as well. It is important to note that only the summary judgment in favor of Anthem contained the CR[3] 54.02 finality recitations. A motion panel of this Court subsequently dismissed Cochran's purported appeal as to Anthem on the basis that he failed to timely appeal from the entry of the July 1, 2020, final order dismissing Anthem from the underlying litigation. That same motion panel passed for our consideration Cochran's response to an order directing him to show cause why his appeal against the remaining parties should not be dismissed as interlocutory. By separate order, this merits panel found that because John Doe and Jane Doe had not been served by warning order or otherwise, the fact that there was no order dismissing them from the litigation did not preclude the entry of final and appealable orders as to the other named defendants. In other words, they had never been parties to the underlying litigation and thus the mere

---

[3] Kentucky Rule of Civil Procedure.

naming them in the complaint could not preclude finality as to other proper parties. CR 54.02 requires finality recitations only when the court grants "a final judgment upon one or more but less than all of the claims or parties[.]" Because the "Doe" defendants were never properly before the court, the finality language is not required as no claims remained upon the dismissal of Baptist Health. Additionally, Cochran included the Commonwealth of Kentucky as an appellee in his notice of appeal despite the fact that the Commonwealth was not a party to the circuit court litigation.

The summary judgments dismissing Dr. Morris and Baptist Health each state that Cochran's failure to comply with KRS 411.167 by filing a certificate of merit in support of his claims required dismissal of the claims. As previously stated, Cochran's sole allegation of error concerning the entry of these judgments is his contention that KRS 411.167 is unconstitutional. We are convinced that Cochran's failure to properly notify the Attorney General of his challenge to the constitutionality of the statute renders his arguments unpreserved and precludes our review.

In *Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008), the Supreme Court of Kentucky reiterated the mandatory nature of KRS 418.075(1) which provides, in relevant part, that "[i]n any proceeding which involves the validity of a statute, the Attorney General of the state shall, *before judgment is entered*, be

served with a copy of the petition, and shall be entitled to be heard. . . ." (Emphasis added.) The *Benet* Court emphasized that the failure to "fully and timely to comply with the strict rubric of KRS 418.075 [renders a] constitutional challenge unpreserved for our review." *Benet*, 253 S.W.3d at 532. We are convinced that the opinion of our Supreme Court in *Benet* is dispositive of this appeal:

> We have made plain that strict compliance with the notification provisions of KRS 418.075 is mandatory[,] meaning that even in criminal cases, we have refused to address arguments that a statute is unconstitutional unless the notice provisions of KRS 418.075 had been fully satisfied.

*Id*. (footnotes omitted).

Like the situation in *Benet*, Cochran did not notify the Attorney General of his constitutional challenge during the pendency of the circuit court proceedings and he has therefore "failed fully and timely to comply with the strict rubric of KRS 418.075[.]" *Id*. Further, the Supreme Court expressly rejected any contention that notice to the Attorney General at the appellate stage of the proceedings constitutes substantial compliance with the statute:

> Because the plain language of KRS 418.075 requires notice be given to the Attorney General prior to the entry of judgment, we reject any contention that merely filing an appellate brief, which necessarily occurs post-judgment, satisfies the clear requirements of KRS 418.075.

*Id*. (footnote omitted).

However, in addition to his failure to comply with the dictates of KRS 418.075(1), Cochran has failed to comply with subsection (2) of the statute concerning appellate challenges to the constitutionality of the statute:

> In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, **the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect**.

(Emphasis added.)

Cochran's failure to comply with subsection (2) of the statute by serving the Attorney General with a copy of the notice of appeal specifying the challenged statute and nature of alleged constitutional defect likewise precludes our consideration of the issue. In sum, the failure to strictly comply with the mandatory notification provisions of KRS 418.075(1) and (2) is fatal to Cochran's request for appellate review of the constitutionality of KRS 411.167.

Because Cochran failed to properly preserve his challenge to the constitutionality of KRS 411.167, we must decline to review that question on the merits. Accordingly, we affirm the final judgments of the Jefferson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Cornelius Cochran, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE JOHN R. MORRIS, M.D.:

Christopher P. O'Bryan
Rachel K. Dalton
Louisville, Kentucky

BRIEF FOR APPELLEE BAPTIST HEALTH:

Patricia C. Le Meur
Susan D. Phillips
David N. Giesel
Louisville, Kentucky

BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Courtney E. Albini
Frankfort, Kentucky